FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 FEB 16 PM 2: 12

CLERK ___
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JOHN DUNCAN FORDHAM, | ) |
| Petitioner, | ) ) ) |
| v. | ) CV 111-088 |
| | ) (Formerly CR 104-051) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) ) |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 12).[1] Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Petitioner's motion brought pursuant to 28 U.S.C. § 2255 is **DENIED**.

Having determined that Petitioner is not entitled to relief on his § 2255 motion, the Court turns to the issue of whether to issue a certificate of appealability ("COA"). A § 2255 petitioner must obtain a COA before appealing the denial of his motion to vacate. This

---

[1] Of note, many of the arguments raised in Petitioner's objections are materially similar to the arguments rejected by this Court in its denial of the motion brought under 28 U.S.C. § 2255 by Robin L. Williams, Petitioner's Co-Defendant in the underlying criminal action. See Williams v. United States, CV 110-153, doc. nos. 13, 16, 20 (S.D. Ga. Jan. 12, 2012). Petitioner's remaining arguments are also without merit and fail to provide any basis for departing from the conclusions set forth in the Report and Recommendation. Therefore, Petitioner's objections are **OVERRULED**.

Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Slack v. McDaniel, 529 U.S. 473, 482-84 (2000).

Here, Petitioner raises a claim based on the Supreme Court's decision in Skilling v. United States, 561 U.S. ___, 130 S. Ct. 2896 (2010). Resolution of the instant § 2255 motion turns on whether Petitioner procedurally defaulted that claim by failing to raise it at trial or on direct appeal. Notably, the Eleventh Circuit has not yet addressed this issue in the context of a Skilling-based claim, and courts applying Skilling on collateral review have reached disparate conclusions, particularly with regard to the analysis of the cause prong of the procedural default analysis. Compare Ryan v. United States, 645 F.3d 913, 916 (7th Cir. 2011) (Easterbrook, J.) *petition for cert. filed*, No. 11-499 (Oct. 19, 2011); United States v. Lynch, ___ F. Supp.2d ___, Nos. 07-431-01, 07-431-02, 2011 WL 3862842, at *3 (E.D. Pa. Aug. 31, 2011); United States v. Jennings, Nos. CR-04-402, CV-11-150 (RHK), 2011 WL 3609298, at *3 (D. Minn. Aug. 15, 2011) *appeal docketed*, No. 11-3127 (8th Cir. Sept. 30, 2011); United States v. Scruggs, No. 3:07CR192-B-A, 2011 WL 1832769, at *3 (N.D. Miss. May 13, 2011), *reconsideration denied*, 2011 WL 2566140, at *1 (N.D. Miss. June 28, 2011), *appeal docketed*, No. 11-60564 (5th Cir. Aug. 23, 2011); Walker v. Rivera, ___ F. Supp.2d ___, No. 3:10-2464-RMG, 2011 WL 4480170, at *2 (D.S.C. Sept. 26, 2011), *appeal docketed*, No. 11-7425 (4th Cir. Oct. 27, 2011); with Stayton v. United States, 766 F. Supp. 2d 1260, 1266-67 (M.D. Ala. 2011); United States v. McDonnell, Nos. SACV 10-1123,

2

SACR 04-0309, 2011 WL 2463194, at *3-5 (C.D. Cal. June 20, 2011).

Accordingly, the Court **GRANTS** Petitioner a COA, which shall be limited to the issue of whether Petitioner procedurally defaulted his Skilling-based claim by failing to raise such claim at trial or on direct appeal.

Upon the foregoing, a final judgment shall be **ENTERED** in favor of Respondent, and this civil action shall be **CLOSED**.

SO ORDERED this 16 day of February, 2012, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE